UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WESTERN WORLD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE |
| NARCONON OF GEORGIA, INC., NARCONON INTERNATIONAL, DELGADO DEVELOPMENT, INC., PATRICK C. DESMOND AND MARY C. DESMOND, INDIVIDUALLY, AND MARY C. DESMOND, AS ADMINISTRATRIX OF THE ESTATE OF PATRICK W. DESMOND, | ) ) ) ) ) ) ) ) ) ) | NO. 1:12-cv-2117 |
| Defendants. | ) | |

**ANSWER OF DEFENDANTS NARCONON OF GEORGIA, INC.
AND NARCONON INTERNATIONAL TO PLAINTIFF'S
COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Narconon of Georgia, Inc. ("Narconon Georgia") and

Narconon International ("International") (collectively referred to as "Narconon")

and files this Answer to the Plaintiff's Complaint for Declaratory Judgment (the

"Action") as follows:

1

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

This Action is barred, in whole or in part, due to the fact that Western World's duties under the policy is based upon the allegations contained in the underlying Amended Complaint filed by Patrick C. Desmond and Mary C. Desmond, individually, and Mary C. Desmond, as Administratrix of the Estate of Patrick W. Desmon filed on March 22, 2012 in the State Court of DeKalb County (the "Underlying Action,") not Narconon's defenses asserted in the Underlying Action.

## SECOND AFFIRMATIVE DEFENSE

This Action should be dismissed in whole or in part on the grounds that it fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

This Action should be dismissed, in whole or in part, by the plain terms of the Insurance Policy issued by Western World.

## FOURTH AFFIRMATIVE DEFENSE

Western World claims the basis of its Complaint are the defenses to the Underlying Action and Western World's Complaint mostly ignores the Complaint in the Underlying Action which allegations assert claims covered by the policy.

1094451v1

## FIFTH AFFIRMATIVE DEFENSE

Western World provided professional liability insurance and commercial general liability insurance. The coverage under the professional liability insurance was for the drug and alcohol abuse counseling and the professional liability insurance coverage is not limited to coverage for events at Narconon's Norcross facility but rather provides coverage for the overall counseling program and attendant services connected to the drug and alcohol abuse counseling program. Since in the underlying lawsuit the Plaintiffs allege the death of Mr. Desmond was caused by alleged negligence in the administration of the program, the professional liability policy covers Narconon of Georgia and Narconon International for the claimed negligence and alleged failure to properly administer the program which is asserted throughout the Underlying Complaint.

## SIXTH AFFIRMATIVE DEFENSE

The professional liability policy does not limit coverage to the premises of Narconon located in Norcross, Georgia.

## SEVENTH AFFIRMATIVE DEFENSE

The commercial general liability policy provides coverage to Narconon of Georgia and Narconon International for bodily injury for the causing or contributing to the intoxication of any person. There is an exclusion contained in the policy that provides with respect to "causing or contributing to the intoxication

3

of any person." This exclusion applies only if the insured is in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages (Commercial General Liability Coverage Form Section 1(1)(2)(c). Accordingly, the Commercial General Liability provides coverage to the Narconon Defendants for causing or contributing to the intoxication of any person. The underlying lawsuit complaint alleges Narconon was responsible for contributing to the intoxication of Mr. Desmond against the Narconon Defendants and accordingly there is insurance coverage for said underlying suit allegation for Narconon of Georgia and Narconon International.

## EIGHTH AFFIRMATIVE DEFENSE

The Commercial General Liability policy provides for insurance coverage for an occurrence that takes place in the "coverage territory." Commercial General Liability policy, section 1(1)(b)(1). The words "coverage territory" is not specifically defined in the policy but clearly means the territory where Narconon services occur. Under the General Liability policy there is no language in any of the policies limiting Western World's coverage obligations to only the premises of Narconon in Norcross, Georgia.

## NINTH AFFIRMATIVE DEFENSE

The Western World policy contains an "endorsement" that provides that is named "limitation of coverage to designated premises or project." This aspect of

4

the policy is limited to the Commercial General Liability coverage part and provides two separate basis of coverage.  One coverage is provided for at the premises of Narconon in Norcross, Georgia.   The other coverage under the endorsement is for "project:  drug and alcohol abuse counseling and saunas." The endorsement covers events at the premises referred to or conduct in the performance of the "project" drug and alcohol abuse counseling.  The allegations in the underlying complaint allege that the occurrence and fact events leading to the occurrence were part of and connected to drug and alcohol abuse counseling and therefore the Western World policy provides coverage also under the Commercial General Liability policy.

## TENTH AFFIRMATIVE DEFENSE

In the underlying suit, the Complaint alleges a series of alleged events that the underlying complaint claims led to the death of Mr. Desmond.  All of the events that allege negligence or a breach of a professional responsibility are allegations connected to the performance of the "project" and such claims are covered by the Western World policy.

## ELEVENTH AFFIRMATIVE DEFENSE

Each allegation of liability in the underlying suit either are based upon allegations of negligence or breach of a professional responsibility in performing the "project" or arise out of facts attendant to those services and accordingly the

5

policies with endorsements cover such alleged negligence and alleged breach of professional responsibility as well as acts attendant to the services rendered by Narconon of Georgia.TW

## TWELVTH AFFIRMATIVE DEFENSE

There are two obligations of Western World.  One is the obligation to pay based on the policy limits and the other is the duty to defend the underlying action. If this Court interprets the insurance policies to not provide coverage of one or both of Western World's obligation under the policy then Narconon of Georgia and Narconon International will nevertheless be faced with defending the underlying suit.  Accordingly, it is prayed that this Court not at this time make a determination of coverage or duty to defend since it will be inequitable and could lead to conflicted court holdings.  It would be inequitable for the Court to make rulings on the policy coverages prior to the disposition of the underlying suit.

## THIRTEENTH AFFIRMATIVE DEFENSE

The underlying basis of Western World's action is based on the wrong set of allegation of facts to determine entitlement to a declaratory judgment.  The allegations of the Underlying Action are sufficient to require Western World to be required to defend in the Underlying Action and pay any liability rendered against both Narconon Companies in the Underlying Action.

## FOURTEENTH AFFIRMATIVE DEFENSE

6

This Action is barred, in whole or in part, by the doctrines of waiver, estoppels, and acquiescence.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint is premature because the termination of Western World's obligations are dependent upon factual disputes at issue in the Underlying Action.

## SIXTEENTH AFFIRMATIVE DEFENSE

The eighth affirmative defense are answers to the complaint as follows:

### I. Parties

1.

In response to paragraph 1, the allegations are admitted.

2.

In response to paragraph 2, the allegations are admitted and for further answer to paragraph 2, service was affected by acknowledgement by Georgia and International.

3.

In response to paragraph 3, the allegations are admitted and for further answer to paragraph 3, the Complaint was served by an Acknowledgement by counsel.

1094451v1

4.

In response to paragraph 4, the allegation is admitted.

5.

In response to paragraph 5, the allegations are admitted.

## II.  Jurisdiction and Venue

6.

In response to paragraph 6, the allegations are admitted.

7.

In response to paragraph 7, the allegations are admitted.

8.

In response to paragraph 8, the allegations are admitted.

## III. Statement of Controversy

9.

In response to paragraph 9, it is admitted that this case involves an insurance coverage dispute as well as the issue of whether Western World is obligated to provide a legal defense to Narconon and International pursuant to the insurance policy issued by Western World.  The remainder of the allegations are denied.

10.

In response to paragraph 10, the allegation is admitted, but for further answer, in the pending Underlying Action the Plaintiff's also contend their son

8

Patrick Desmond's death was partially caused by the consumption of alcohol in close proximity to the time Patrick Desmond self-administered a drug overdose.

11.

In response to paragraph 11, the Complaint in the Underlying Action alleges that Patrick Desmond was under the control of Narconon of Georgia and/or Narconon International, as well as Delgado or their agents.  On this issue there are unresolved factual disputes in the pending State Court action.  Those issues have arisen by reason of the allegations of Mr. and Mrs. Desmond and the Estate of Patrick W. Desmond.  Accordingly, the allegations are in dispute and for the purposes of this Action it is admitted the paragraph states the position of Narconon in the Underlying Action which position is denied by the Plaintiffs in the underlying case

12.

In response to paragraph 12 the statement is admitted to be Narconon's position but the plaintiffs in the underlying action deny the statement.  Accordingly until this issue is resolved, the statement is denied until the Court resolves the issue.

1094451v1

13.

In response to paragraph 13 the allegation is denied since the Defendants do not know if Mr. Desmond was considered incompetent due to his addictions.  It is admitted he was not legally declared incompetent.

14.

In response to paragraph 14, the allegations are admitted and for further answer, Patrick W. Desmond completed the drug rehabilitation program at Narconon; returned to Florida into the home of Mr. and Mrs. Desmond; while there had an encounter with the police and the courts resulting in Patrick W. Desmond returning to Georgia for more treatment and counseling.

15.

In response to paragraph 15, the allegation is admitted.

16.

In response to paragraph 16, the allegation is admitted.

17.

In response to paragraph 17, the allegation is admitted.

18.

In response to paragraph 18, the contention of what the Desmonds allege in the Underlying Action is admitted although the facts claimed are not admitted by Narconon and International.

19.

In response to paragraph 19, the allegation is admitted, and for further answer in the Underlying Case the Complaint alleges Narconon and International did, along with Delgado, operate an inpatient facility which allegations are denied by the Underlying Action in the Plaintiffs.

20.

In response to paragraph 20, the allegation is admitted.

21.

In response to paragraph 21, the allegation is admitted. For further answer to paragraph 21, Narconon had a license from the Department of Human Resources of the State of Georgia ("DHRS&G") for an outpatient facility for the treatment and counseling of drug or alcohol dependent individuals.

22.

In response to paragraph 22, there remains fact issues as to whether or not the allegation of paragraph 22 is true and therefore for the purpose of answering the Complaint in this Action, the allegation is denied. It is true, however, that the Plaintiffs in the Underlying Action have alleged that the drug and/or alcohol treatment of Narconon did extend to the Sovereign Place Apartments where Patrick W. Desmond resided. This remains a question of fact.

11

23.

In response to paragraph 23, there are fact issues in the Underlying Action as to whether the contentions in paragraph 23 are true, so accordingly, for the purpose of answering this Complaint, the allegations are denied.  In further response, the Plaintiffs in the Underlying Action have alleged that in fact Narconon did provide health care services to Patrick W. Desmond at Sovereign Place Apartments, which allegation Narconon and International have denied in the Underlying Action.  Such allegations in the Underlying Action seeks to link Narconon with Delgado and this is part of the fact issues.

24.

In response to paragraph 24 there are fact issues as to the truth of the allegations in paragraph 24 so for the purpose of answering this Complaint, the allegations are denied.  In the Underlying Action the Desmonds take the position that Patrick Desmond did receive drug and alcohol abuse counseling from Narconon at the Sovereign Place Apartments which allegations the Narconon Defendants deny.  In the Underlying Action the Plaintiffs contend what occurred at Delgado was part of the Treatment, which contention Narconon and International deny.

1094451v1

25.

In response to paragraph 25, the statement of the Desmonds claim is true so the allegation is admitted although there are fact issues in the case of the Underlying Action as to whether Narconon had any obligation to provide security and supervision of Patrick W. Desmond while at the Sovereign Place Apartments.

26.

In response to paragraph 26, the allegation is denied since there are questions as to the cause of Mr. Desmond's death.  These are fact issues as to whether drugs and/or alcohol were the cause and the relationship of Delgado to Narconon, are issues.

27.

In response to paragraph 27, the Desmonds' Underlying Action does contend that Patrick W. Desmond's death was related to the alleged lack of security supervision or lack thereof at the Sovereign Place Apartments which allegation Narconon denies in the Underlying Action. Accordingly, there exists fact questions on this issue so the allegations of paragraph 27 are denied.

28.

In response to paragraph 28, the allegations are admitted.

29.

In response to paragraph 29, the allegations are admitted.

1094451v1

30.

In response to paragraph 30, the allegations are admitted.

31.

In response to paragraph 31, the allegations are admitted.

32.

In response to paragraph 32, the allegations are admitted.

33.

In response to paragraph 33, the allegations are admitted.

34.

In response to paragraph 34, these Defendants cannot speak for what the advocacy of the Desmonds are with respect to whether the named conduct or fraud misrepresentation or Civil Racketeer-influenced and Corrupt Organizations Act are the basis of the Desmonds Underlying Action so accordingly, for the purpose of answering this Complaint the allegation is denied. Because the facts concerning the clams of Rico and, fraud are partly also the basis of the negligence claims in the Underyling Action, it is the Plaintiffs' position that fraud and Rico claims should be defended by the Plaintiff.

35.

In response to paragraph 35, the allegation is denied.

14

36.

In response to paragraph 36, the allegation is denied based upon the contentions of the Desmonds in the Underlying Action.  In further response, the Plaintiffs in the Underlying Action have alleged that Patrick Desmond's death was caused by events that occurred at the Sovereign Place Apartments.  They contend that that property is an extension of the treatment of Patrick W. Desmond which base treatment did occur at the Norcross, Georgia Narconon facility but the Desmonds contend that treatment also occurred at the Sovereign Place Apartments facility.

37.

In response to paragraph 37, the contentions are denied because they contain factual conclusions that remain at issue in the Underlying Action.  Namely, the question is whether operations at Sovereign Place Apartments amounted to an extension of performance of services by Narconon of Georgia and if so, whether those services constituted part of the overall "project" which project would be covered by the subject insurance policy.

38.

In response to paragraph 38, the allegation is denied because there exists fact questions as to whether or not the "project" covered by the policy included operations at the Sovereign Place Apartments.  It is admitted that the position taken

15

by Narconon and International is that what occurred at the Sovereign Place Apartments is not the fault or liability of Narconon or International. However, there are fact issues on this point which are currently pending in the Underlying Action and until those matters are resolved, the fact issues remain and cannot be admitted or denied.

39.

In response to paragraph 39, the allegation is denied. The Commercial Insurance Policy specifically provides that coverage is afforded for the "project" and if in the Underlying Action or in this Court it is determined the "project" was inclusive of services rendered at the Sovereign Place Apartments for which Narconon and International are liable the Plaintiff's policies would apply and Western World would have liability under the policy.

40.

In response to paragraph 40, the allegations are denied.

41.

In response to paragraph 41, the allegation is denied.

42.

In response to paragraph 42, the allegation is denied.

43.

16

In response to paragraph 43, there exists fact issues as far as what coverage is afforded by the Western World policy so accordingly, the allegation is denied.

44.

In response to paragraph 44, the allegation is denied.

45.

In response to paragraph 45, the allegations are denied.

46.

In response to paragraph 46, the allegation is admitted.

47.

In response to paragraph 47, it is admitted that substantial legal fees will be incurred by Western World in the defense of the Underlying Action but it is denied that it is ripe for a Declaratory ruling since the Underlying Action facts are still being developed and until there is a disposition of issues in the Underlying Action this Federal Court it is respectfully submitted should postpone any ruling until there has been a determination of liability and fault in the Underlying Action since issues in the Underlying Action will dictate who, if any of the Defendants or others including Mr. Desmond, have fault for the death of Patrick W. Desmond.

48.

In response to paragraph 48, the allegation is denied.  For further answer, until the factual and legal questions in the Underlying Action are resolved, it is

1094451v1

premature for the Court to make determinations on these key issues.  It is admitted the issue of insurance coverage is not in the Underlying Action.

49.

In response to paragraph 49, the allegations are denied, though the pleadings are not clear, paragraphs 177 and the prayer of the Underlying Action requests punitive damages for allegations that were not for Mr. Desmond's death.

50.

In response to paragraph 50, the allegations are admitted.

51.

In response to paragraph 51, the allegation is admitted.

52.

In response to paragraph 52, the emergency physician's diagnosis is subject to interpretation so the allegation is denied as pled.  It is understood and believed that Patrick Desmond had taken a drug overdose as well as alcohol and died as a result due to cardio pulmonary arrest.

53.

The allegations of paragraph 15 are admitted.

54.

In response to paragraph 54, the allegation is admitted.

55.

In response to paragraph 55, the allegation is admitted.

56.

In response to paragraph 56, the allegation is admitted.

57.

In response to paragraph 57, the allegation as pled is denied.  For further answer, it is understood that the Florida Court required Patrick W. Desmond be treated for his drug and/or alcohol addiction.

58.

In response to paragraph 58, the allegation is admitted.

59.

In response to paragraph 59, the allegation is admitted.

60.

In response to paragraph 60, the allegation is admitted.

61.

In response to paragraph 61, the allegation is admitted.

62.

In response to paragraph 62, the allegation is admitted with respect to what the Desmonds claim in the Underlying Action.

1094451v1

63.

In response to paragraph 63, it is admitted by Defendants that neither Narconon or International provided any alcohol to Patrick W. Desmond on June 10, 2008 or on any other date. Whether or not any other Defendant or non-party provided alcohol to Patrick W. Desmond is a question of fact and law at issue in the underlying Action. It is admitted that witnesses have testified that Patrick W. Desmond drank alcohol at the Sovereign Place Apartments. However, in the Underlying Action it is alleged the Narconon entities were at fault in Mr. Desmond drinking and there are fact issues in this allegation.

64.

The allegation of paragraph 64 as pled is denied because of the existence of fact and legal issues in the underlying Action. It has been contended by the Desmonds that Delgado who owned and operated the Sovereign Place Apartments was acting for or as an agent of or somehow controlled by Narconon so as a result on this allegation there are fact issues to be decided.

65.

In response to paragraph to 65 it is admitted and alleged by the Narconon entities that on June 11, 2008, no alcohol was given to Patrick W. Desmond by anyone employed by Narconon or International, but the Desmonds have alleged in the Underlying Action that the providing of alcohol at the Sovereign Place

1094451v1

Apartments was somehow an extension of performance of operations by Narconon or International. So accordingly, on that issue there remains fact questions. This identical issue is pending in the Underlying Action and accordingly, it is respectfully submitted it would be premature for this Court to rule on the issue since it is currently pending in the Underlying Action. If the Court were to rule at this time it could lead to inconsistent results whereby Narconon and International could potentially lose insurance coverage prior to determinations as to whether or not the acts of Delgado and Sovereign Place Apartments or those for whom they were responsible were performed based upon an agency relationship or control by Narconon or International. It is for this reason, that it is premature for a declaratory ruling to be made.

66.

In response to paragraph 66 for the purpose of answering the allegation, the allegation is denied. It is admitted that no one on the payroll of Narconon or International provided any alcohol to Patrick W. Desmond. However, the Desmonds in the Underlying Action contend that the individual who gave alcohol to Patrick W. Desmond was operating with the authority, control or an agency relationship with Narconon.

21

67.

In response to paragraph 67 it is admitted that this is the position of the Narconon Defendants in the underlying Action which position the Plaintiffs in the underlying Action deny.

68.

In response to paragraph 68, the allegation is admitted, but see answer to paragraph 66.  It is admitted because for a 28-year-old man Mr. Desmond, no treatment center has the legal right to prevent the individual from coming and going from the place the man lives.

69.

In response to paragraph 69, for purposes of answering the Complaint, because there exists fact issues on this point, the allegation must be denied. However, it is admitted that it is the advocacy of Narconon and International they had no legal right to prevent Patrick W. Desmond from leaving the Sovereign Place Apartments.

70.

In response to paragraph 70, the answer is the same as the answer of paragraph 69.  They appear to be the same allegation.

71.

In response to paragraph 71, the allegation is admitted.

72.

In response to paragraph 72, it is admitted this is the position of Narconon and International in the Underlying Action.  The plaintiffs will likely deny this allegation.

73.

In response to paragraph 73, it is admitted this is the position of Narconon and International in the Underlying Action.  The Plaintiffs in the underling Action will likely deny the allegation.

74.

In response to paragraph 74, it is admitted that Patrick W. Desmond departed in a car.

75.

In response to paragraph 75, it is admitted on the June 10 night and at the time of the departure from the premises of Sovereign Place Apartments, Patrick W. Desmond was not being treated at that moment by Narconon.  In the Underlying Action the Plaintiffs will allege when departing, Mr. Desmond was to be under the control of Narconon.

76.

In response to paragraph 76, the allegation is admitted because Patrick W. Desmond was not receiving health care services at the moment he departed from

1094451v1

the premises of the Sovereign Place Apartments, but in the Underlying Action the Plaintiffs do contend when Mr. Desmond departed he was to be administered to or controlled by Narconon.

77.

In response to paragraph 77, the allegation is what the Narconon entities claim, but it is not what the Underlying Action Plaintiffs will likely claim so the allegation for now is denied.

78.

In response to paragraph 78, the allegation is admitted.

79.

Narconon is without sufficient information to either admit or deny, and therefore denies the same.  There are fact issues on this question.  The question is whether or not the taking of the drug would have killed Patrick W. Desmond without him taking any alcohol.  The facts are clear that he also consumed alcohol in close proximity to the taking of heroin.

80.

In response to paragraph 80, the allegation is denied because there are fact issues for this action as to whether Narconon is liable for acts of Delgado as is claimed in the Complaint of the Underlying Action.  It is Narconon'position  in the

underlying Action that it had no employees, agents or representatives present when the drugs were consumed.

81.

In response to paragraph 81, the allegation is admitted.

82.

In response to paragraph 82, the allegation is admitted except it is a fact question based on allegations in the Underlying Action.

83.

In response to paragraph 83, the allegation is admitted.

84.

In response to paragraph 84, the allegation is admitted.

85.

In response to paragraph 85, the allegation is admitted.

86.

In response to paragraph 86, there are fact questions on this point so the allegation is denied.  It is admitted that Narconon and International did not provide to Patrick W. Desmond any substances, be it heroin or alcohol, but the Desmonds have contended that alcohol was given by an employee of Delgado Development, Inc. and that Delgado somehow is an agent for or controlled by Narconon.  If this

allegation be true then the allegation of the declaratory judgment paragraph 86 would be false.

87.

In response to paragraph 87, the allegation cannot be admitted because of fact issues raised by the Desmonds in their Underlying Action Complaint. It is true Narconon claims that Patrick W. Desmond was not given any substances on the night of his death by a Narconon employee or an International employee, but the Complaint in the Underlying Action denies this contention.

88.

In response to paragraph 88, the allegations are admitted to be Narconon and International claims, but in the Underlying Action Plaintiff claims the statement is false.

89.

In response to paragraph 89, the allegation must be denied because there are fact questions raised by the Complaint of the Desmonds in the Underlying Action where the Desmonds contend that the furnishing of alcohol on the premises of Delgado Development and the Sovereign Place Apartments were legally acts of Narconon.

1094451v1

90.

In response to paragraph 90, the statement is the position of Narconon and International in the underlying Action which claim the Underlying Plaintiffs deny the allegation.  The dispute involves the facts and legal issues so for this answer the allegation must be denied until the legal, factual issues are resolved.

91.

Since paragraph 90 and 91 are the same, see answer to paragraph 90.

92.

In response to paragraph 92, the allegation is admitted to be the advocacy of Narconon and International, and the issue of whether the companies "operated" the Sovereign Place Apartments has to be determined since the issue is in dispute so the allegation must be denied.

93.

In response to paragraph 93, the allegations for the purpose of this pleading are admitted to be the Defendants Narconon's advocacy in the Underlying Action, but there are fact questions  and legal issues raised by the Underlying Action as to whether or not Delgado was in some way operated by Narconon or International and as a result this fact issue should be decided in the Underlying Action which initially was given the issue to decide.  Until decided, the Narconon Defendants cannot admit or deny the allegations so the allegation is denied.

94.

In response to paragraph 94, the allegation is admitted.

95.

In response to paragraph 95 the statement is the advocacy by the Narconon Defendants in the Underlying Action; however, the Plaintiffs' in the underlying Action deny the allegation.  Fact and legal issues are pending in the Underlying Action and Western World's obligations to defend is based on the Complaint in the Underlying Action so the allegation is denied.

## V.  Western World Policy

96.

In response to paragraph 96 the allegation is admitted, however, other pertinent parts of the policy are omitted.

97.

In response to paragraph 97, the allegation is admitted but other pertinent parts of the policy are omitted.

98.

In response to paragraph 98, the allegation is admitted but other pertinent parts of the policy are omitted.

1094451v1

99.

In response to paragraph 99, the allegation is admitted but other pertinent parts of the policy are omitted.

100.

In response to paragraph 100, the allegation is admitted but other pertinent parts of the policy are omitted.

## VI.  UNDERLYING CLAIMS

101.

In response to paragraph 101, the allegations are admitted.

## COUNT I

102.

In response to paragraph 102, the paragraph does accurately state what is in the Underlying Action Complaint at paragraph 144.  The balance of assertions in the Underlying Action Complaint paragraphs 145, 146, and 147 had several other contentions of negligence not recounted in Western World's Complaint at paragraph 103.

103.

In response to paragraph 103, it is the advocacy of the Narconon entities in the Underlying Action but there was no negligence by Narconon or International. The Underlying Action Plaintiffs contend by their allegations of negligence that

29

the Narconon Defendants did contribute to the death of Mr. Desmond. Accordingly, paragraph 103 cannot be taken as "fact" but rather both parties to the dispute have counterveiling positions relating to the negligence contention which is the reason why Western World has a continuing obligation to defend the action and pay in the event of a recovery by the Underlying Action Plaintiffs.  Due to the conflict the allegation is denied.

104.

In response to paragraph 104 the allegation is denied.

105.

In response to paragraph 105, the allegation is denied.

106.

In response to paragraph 106, the allegation is denied.

**Claims for Negligence Per Se Against Narconcon of Georgia (Count II)**

107.

In response to paragraph 107 it is admitted.

108.

In response to paragraph 108, it is the position of Narconon in the Underlying Action that it was not negligent and secondly allegations of negligence regarding licensing for housing, it is admitted, did not cause the death of Patrick

30

W. Desmond, although this is disputed by the Plaintiffs in the Underlying Action so the paragraph is denied.

109.

In response to paragraph 109, the allegation is denied.

110.

In response to paragraph 110, the allegation is denied.

111.

In response to paragraph 111, the allegation is denied. The fallacy of the advocacy by Western World is its failure to take individual factual events and combine them and look at them cumulatively for the purpose of determining if Western World is liable under the referenced policies.

**Claims of Fraud Against Narconon of Georgia (COUNT III)**

112.

In response to paragraph 112, paragraph 112 accurately states what paragraph 151 of the Underlying Action states. However, as for paragraphs 152, 153, 154, 155 and 156 of the Underlying Action, Western World's Complaint paragraph 112 does not mention those additional paragraphs so paragraph 112 is partially admitted and the remainder is denied.

113.

In response to paragraph 113, the allegation is admitted.

31

114.

In response to paragraph 114, it is admitted that intentional tort acts are excluded from coverage under the insurance policy; however, the allegations of fraud and the facts in the Underlying Action are mixed into other allegations and Counts and accordingly, the duty to defend the fraud allegation is part of the overall defense of the action under the insurance policy and Plaintiff should be required to defend the two Narconon companies in the Underlying suit.

115.

In response to paragraph 115, the allegations are denied.  Plaintiff has a duty to defend because of the facts and claims in the underlying Action.

116.

In response to paragraph 116, for the purpose of answering this declaratory judgment action, the allegation is denied.  The allegations of the Desmonds in the Underlying Action is that the alleged fraud (which Narconon has denied in the Underlying Action is part of the chain of events that led to the death of Patrick W. Desmond, so accordingly, Western World shall defend the action inclusive of the fraud contentions.

117.

In response to paragraph 117 for purposes of answering the declaratory judgment action, the allegation is denied since it is the contention of the Plaintiffs

32

in the Underlying Action that the alleged (and denied by Narconon) fraud was part of a series of events leading to the death of Patrick W. Desmond.  In addition there is a duty to defend if the allegation of facts relating to a fraud claim are part of the overall claim against the insured.

118.

In response to paragraph 118, the allegation is argument and is denied.  The facts and law alleged in paragraph 118 have not been determined and regardless of how the issue is decided there is a duty to defend under the policy.

119.

In response to paragraph 119, the allegation is denied with respect to the obligation of Western World to defend the action.  The reason is that Narconon denies it made false representations and denies that even if there were any misrepresentations it had nothing to do with the death of Mr. Desmond.  For further answer, there is a duty on the part of Western World to defend the action since the underlying facts of any contentions or false representations are connected to other aspects of the underlying case.

**Claims for Negligence Against Delgado (COUNT IV)**

120.

In response to paragraph 120 the allegation is denied because the underlying Complaint speaks for itself.

33

121.

In response to paragraph 121 Narconon the allegations of negligence and what caused the death of Patrick W. Desmond are fact issues so the argument of Plaintiff is denied.

122.

In response to paragraph 122, the allegation is denied because it is legal argument.  In addition it is the position of Narconon if it is found liable for the acts of Delgado in the underlying Action, Narconon contends it has coverage under the policy.

123.

In response to paragraph 123 the issue of whether the alleged negligence of Delgado amounted to a professional incident as that terms is defined in the professional liability coverage part is a fact and legal question so accordingly the allegations are denied and Narconon claims Western World has a duty to pay for any recovery under Count IV of the underlying Action and is obligated to defend the action.

124.

In response to paragraph 124, the allegation is denied.

## CLAIMS OF CIVIL CONSPIRACY AGAINST NARCONON

## INTERNATIONAL (COUNT B)

125.

In response to paragraph 125, the allegation is admitted that is what Plaintiffs allege in the Underlying Action but the allegation thereunder is false.

126.

In response to paragraph 126, the content of the paragraph is advocacy. It is admitted that civil conspiracy elements include generally what is in paragraph 126 but it is incomplete so the allegation is denied.

127.

In response to paragraph 127, the allegation is denied. Many intentional acts of the insured are not excluded from coverage under the Commercial Liability Coverage portion of the Western World policy. Intentional acts to provide counseling and efforts to stop and avoid addiction are all intentional acts and they are not excluded under an exclusion found in the Commercial Liability Coverage portion of the policy.

128.

In response to paragraph 128, the allegation is admitted; however, it is the duty of the carrier to defend Narconon of Georgia and Narconon International on the merits of these claims since the various claims are intertwined.

35

129.

In response to paragraph 129, all paragraphs concerning civil conspiracy by Narconon of Georgia of Narconon International are denied in the Underlying Action. If it is found that the allegations are true that there is some sort of "civil conspiracy" the underlying facts address what the parties agreed to relating to housing and/or treatment and/or discipline and if such contentions are part of a civil conspiracy theory, then Western World is obligated to defend the action because such presentation of facts directly relates to other counts in the Underlying Action including negligence.

130.

In response to paragraph 130, the allegation is denied. For further answer it is Narconon of Georgia and Narconon International's position that it never committed any "conspiracy" and it never failed to be licensed when it was required to be licensed and never has it been found to be an illegal operation. However, it is the contention of the Plaintiff in the Underlying Action that there was a conspiracy and it contributed to the death of Mr. Desmond. Based on that contention it is the Narconon entities' position that the death of Mr. Desmond was an occurrence as that term is used under the Commercial Liability coverage of the policy from Western World.

131.

It is admitted Defendants' deny any "conspiracy" but it is alleged in the Underlying Action, so there are fact and legal issues.

132.

In response to paragraph 132, it is admitted that if Narconon of Georgia and Narconon International conspired to create unlicensed and illegal housing, then there would not be insurance coverage for such acts.  However, all underlying facts concerning the establishment of housing and treatment are part of the Underlying Action's allegations concerning negligence and causation of the death of Mr. Desmond.   While the Narconon companies deny liability or negligence and certainly conspiracy is denied, all of those interconnected facts should be defended by Western World since they go to the occurrences and project that is covered by the Western World policy.

<u>Claims For Professional Negligence Against Dr. Lisa Robbins and</u>

<u>The Robbins Group, Inc.</u>

133.

In response to paragraph 133, it is understood that Robbins and The Robbins Group entered into a settlement and therefore no answer is necessary by this Defendant to paragraphs 133 and 134.

134.

In response to paragraph 133, it is understood that Robbins and The Robbins Group entered into a settlement and therefore no answer is necessary by this Defendant to paragraphs 133 and 134.

Claims For Fraud Against Narconon International (Count VII)

135.

In response to paragraph 135, the allegation is admitted that the statement is what the Plaintiffs alleged although the statement is false.

136.

In response to paragraph 136, the statement is a legal argument and is denied because there are several elements to a claim of negligent mispresentation.

137.

In response to paragraph 137, the allegation is denied.  Many intentional acts were performed relating to the treatment of Mr. Desmond and those intentional acts including the treatment of Mr. Desmond are not excluded from coverage under the applicable policies including the Commercial Liability Coverage portion of the Western World policy.

138.

In response to paragraph 138, it is admitted that the claims made in Count VII would not be covered by the Commercial Liability Coverage policy because

the events occurred after the death of Mr. Desmond.  However, the contention of fraud should be defended by Western World because the underlying facts may relate to the other claims made in the case.

139.

In response to paragraph 139, the allegations are admitted.

140.

In response to paragraph 140, it is admitted that events alleged in paragraph 140 would be covered under the policy if the allegation of misrepresenting facts was accidental and led to some damage.  In such event, there would be coverage under the policy.  However, it is the contention of Narconon and International that at no time did they intentionally mislead any governmental entity including the DeKalb County Medical Examiner's Office and moreover, the contentions of what happened after the death of Mr. Desmond does not lead to any cause of action of any kind since there was no damage to the Plaintiffs.  In the event such claims have been asserted there should be coverage under the policy.

141.

In response to paragraph 141, the allegation is denied.  The giving of information to the medical examiners or to police is part of the function of the outpatient service since it entails professionals from Narconon International being

39

required to give them information concerning injured or deceased patients. Narconon denies giving any false or misleading statement.

142.

In response to paragraph 142, the allegation is denied. The giving of such information to medical examiner's office and to the Brevard County Drug Court are part of the services rendered by Narconon after the death of Patrick Desmond. As such, the giving of information after the event which information connected to the event and is part of the coverage of the referenced policy. Narconon denies giving false and misleading information. In addition, under the insurance policy, Western World is obligated to defend such claims since they are interwoven of all of the allegations against the Narconon companies.

## CLAIMS FOR CIVIL RICO FOR FALSE STATEMENTS TO A GOVERNMENT AGENCY AGAINST OF GEORGIA AND NARCONCON INTERNATIONAL (COUNT VIII)

143.

In response to paragraph 143, the allegations of Civil RICO asserted in the Underlying Action have been denied by Narconon and Narconon International; however, the allegations remain in the action and those allegations are part of an overall series of claims made by the Plaintiff which are blended with all the other counts of the Complaint. Accordingly, it is the position of Narconon and

40

Narconon International that Western World is obligated to defend the Underlying Action.

144.

In response to paragraph 144, the allegation is admitted.  However, the contention made by the Plaintiffs is that through a series of acts all connected together, Patrick W. Desmond's death resulted.  As a result of the blending of the contentions Western World is obligated to defend the Underlying Action

145.

IN response to paragraph 145, the allegation is denied.  Any statement made to a government agency was part of the overall health care service and professional service business, and for such statements if there is a basis for a Civil RICO claim – which claim is denied by the Narconon entities, the claim shall be covered by the Narconon policy.

146.

In response to paragraph 146, the allegation is denied.  Everything Narconon of Georgia or Narconon International did respecting statements and writings to a government agency was part overall of the health care service and professional services rendered by Narconon on behalf of its patients including Mr. Desmond, and accordingly should be covered as part of the event amounting to the

41

professional incident that occurred and accordingly, there should be insurance coverage from the Western World policy.

147.

In response to paragraph 147, the allegation is denied.

## CLAIMS FOR CIVIL RICO OF MAIL FRAUD AGAINST NARCONON OF GEORGIA AND NARCONON INTERNATIONAL (COUNT IX)

148.

In response to paragraph 148, it is admitted these are the Plaintiffs' allegations, but the allegations made in the Underlying Action concerning mail fraud are denied by Narconon and Narconon International. However a RICO claim has been made by the Plaintiff in the Underlying Action in paragraphs 170 through 173 and it is the position of the Plaintiffs that there are allegations of fraud in representing what the facility of Narconon was in the Underlying Action. This is part of the factual contentions made by the Underlying Action Plaintiffs that the explanation of what the facility was false and it was a contributing factor to the damages. Although Narconon and Narconon International contend there never was any fraud be it RICO or otherwise, but nevertheless the insurance policy of Western World should provide coverage on Count IX and should require Western World to provide legal defense.

149.

In response to paragraph 149, it is the claim of the Plaintiffs in the Underlying Action that the events of alleged mail fraud were connected to Mr. Desmond's death.  So, the allegation is denied.  The Narconon Defendants do admit such fraud/RICO allegations are false and had nothing to do with Mr. Desmond's death.

150.

In response to paragraph 150, is denied for the same reasons as are explained in paragraph 149.

151.

In response to paragraph 151, the allegation is denied.  It is the contention of the Underlying Action Plaintiffs that alleged false communication by mail or wire was a contributing factor to the death of Patrick W. Desmond and was part of the overall series of events amounting to an occurrence under the insurance policy. Given the allegation Defendants are entitled to coverage, including legal defense under the referenced policy.

152.

In response to paragraph 152, the allegation is admitted, except it is the obligation of Western World to defend such claims since the facts are intertwined with the other Counts covered by the policy.

## CLAIMS FOR CIVIL RICO FOR THEFT BY TAKING AGAINST NARCONON OF GEORGIA AND NARCONON INTERNATIONAL

### 153.

In response to paragraph 153, it is admitted that in the Underlying Action the allegations asserted by the Plaintiffs in the Underlying Action set out in paragraph 153 were made.

### 154.

In response to paragraph 154, it is admitted that if the RICO allegation is true it did not cause the death of Mr. Desmond; however, the facts alleged in the Underlying Action as to RICO claims are intertwined with other facts including the negligence Count.

### 155.

In response to paragraph 155, the allegation is denied.   Although the Narconon entities deny the contentions of the Underlying Action, as such conduct has been pled as part of an overall series of events allegedly leading to the death of Mr. Desmond then said events are part of an occurrence for which there is coverage under the policy by Western World to cover defense and possible damages in the Underlying Action.

156.

In response to paragraph 156, the allegations are denied.  There is a duty to defend due to the allegations and facts for several counts being intertwined and taken together are an "occurrence" and part of the "project."

157.

In response t o paragraph 157, the allegation is denied because West ern World has a duty under the policy to defend the claim because other claims and facts in the Underlying Action are intertwined with allegations set out in this paragraph.

PUNITIVE DAMGES

158.

In response to paragraph 158, the policy it is admitted does not cover liability for punitive damages; however, the punitive damage claim is tied to other Counts of the Underlying Action for which there is a duty to defend since those claims contain facts that are the alleged basis of the punitive claim.

WHEREFORE Narconon of Georgia and Narconon International prays that Western World not recover the relief sought in its Complaint, and it is requested that the Court declare and determine that the Western World policy obligates Western World to provide legal defense and coverage to Narconon of Georgia and Narconon International for the claims in the Underlying Action.

45

This 27th day of August, 2022.

**FOLTZ MARTIN, LLC**

S/HALSEY G. KNAPP, JR.
Halsey G. Knapp, Jr.
Georgia Bar No. 425320
Herman L. Fussell
Georgia Bar No.  281100

3525 Piedmont Road, N.E.
5 Piedmont Center – Suite 750
Atlanta, GA  30305
(404) 231-9397
*Attorneys for Defendants Narconon*
*of Georgia, Inc. and Narconon*
*International*

1094451v1

I do hereby certify that, pursuant to LR 5.1B, N.D.Ga., the above document was prepared in Times New Roman, 14 pt.

s/HALSEY G. KNAPP, JR.
Georgia Bar No. 425320
*Attorneys for Defendants Narconon of Georgia, Inc. and Narconon International*

FOLTZ MARTIN, LLC
3525 Piedmont Road, N.E.
5 Piedmont Center – Suite 750
Atlanta, GA  30305
(404) 231-9397: telephone
(404) 237-1659: facsimile

47

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WESTERN WORLD INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE |
| NARCONON OF GEORGIA, INC., NARCONON INTERNATIONAL, DELGADO DEVELOPMENT, INC., PATRICK C. DESMOND AND MARY C. DESMOND, INDIVIDUALLY, AND MARY C. DESMOND, AS ADMINISTRATRIX OF THE ESTATE OF PATRICK W. DESMOND, | ) ) ) ) ) ) ) ) ) ) | NO. 1:12-cv-2117 |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that on August 27, I electronically filed the within and foregoing *Answer of Defendants Narconon of Georgia and Narconon International to Plaintiff's Complaint for Declaratory Judgment* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

R. Clay Porter, Esq.
Barbara L. Mulholland, Esq.
Elizabeth M. Eklund, Esq.
Dennis, Corry, Porter & Smith, LLP
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, GA  30305

48

s/HALSEY G. KNAPP, JR.
Georgia Bar No. 425320
*Attorneys for Defendants Narconon of
Georgia, Inc. and Narconon
International*