## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| PATRICK C. DESMOND AND MARY C. DESMOND, INDIVIDUALLY, AND MARY C. DESMOND, AS ADMINISTRATRIX OF THE ESTATE OF PATRICK W. DESMOND, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NARCONON OF GEORGIA, INC. DELGADO DEVELOPMENT, INC., SOVEREIGN PLACE, LLC, SOVEREIGN PLACE APARTMENT MANAGEMENT, INC., LISA CAROLINA ROBBINS, M.D. THE ROBBINS GROUP, INC., and NARCONON INTERNATIONAL, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civil Action No. _____

**JURY TRIAL DEMANDED**

STATE COURT OF
DEKALB COUNTY, GA.
2000 MAY 19 PM 4:16
FILED

## COMPLAINT FOR WRONGFUL DEATH,
## PAIN AND SUFFERING, AND OTHER DAMAGES

Comes now Plaintiffs Patrick C. Desmond and Mary C. Desmond, individually, and Mary C. Desmond, as Administratrix of the Estate of Patrick W. Desmond, and file this, their Complaint for Wrongful Death, Pain and Suffering, and Other Damages against Narconon of Georgia, Inc., Delgado Development, Inc., Sovereign Place, LLC, Sovereign Place Apartment Management, Inc., Lisa Carolina Robbins, M.D., The Robbins Group, Inc., and Narconon International, and respectfully show this Honorable Court the following:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Patrick W. Desmond ("Patrick" or "Patrick W. Desmond"), deceased, was the natural son of Patrick C. Desmond and Mary C. Desmond.  Patrick W. Desmond was a resident of Brevard County, Florida at the time of his death.  Patrick C. Desmond and Mary C. Desmond are residents of Brevard County, Florida.

### 2.

Patrick W. Desmond died intestate.  The Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida issued Letters of Administration duly appointing Mary C. Desmond as Adminstratrix of the Estate of Patrick W. Desmond on July 9, 2009.

### 3.

Narconon of Georgia, Inc. ("Narconon") is a business incorporated under the laws of the State of Georgia.  Narconon is in the business of providing drug and alcohol rehabilitation services to paying patients.  Service may be perfected on Narconon by delivering a summons and a copy of this Complaint to its registered agent:  Mathew C. Hines, 150 Bankhead Highway, Carrollton, Carroll County, Georgia 30117.

### 4.

Narconon International is a California corporation which is the parent / licensor of Narconon.  At all relevant times, Narconon International was doing business in the state of Georgia by and through its subsidiary / licensee.  Service may be perfected on Narconon International by delivering a summons and a copy of this Complaint to its

registered agent:  Sherman D. Lenske, 6400 Canoga Ave. Ste 315, Woodland, CA 91367.

5.

Delgado Development, Inc. ("Delgado") is a dissolved corporation that was incorporated under the laws of the State of Georgia at the time of its dissolution. Delgado was involved in various business dealings, including leasing property in the State of Georgia.  Delgado may be properly served pursuant to O.C.G.A. § 14-4-161(b) by delivering a summons and a copy of this Complaint to its registered agent at the time of dissolution:  Maria Delgado, 2810 Valley Brook Drive, Marietta, Cobb County, Georgia 30008.

6.

Sovereign Place, LLC ("Sovereign Place") is a limited liability company organized under the laws of the State of Georgia.  Sovereign Place is in the business of apartment complex ownership.  Sovereign Place may be properly served by delivering a summons and a copy of this Complaint to registered agent:  Sam E. Thomas, 3715 Northside Parkway, # 650, Atlanta, Fulton County, Georgia 30327.

7.

Sovereign Place Apartment Management, Inc. ("Sovereign Management") is a business incorporated under the laws of the State of Georgia.  Sovereign Management is in the business of apartment complex management.  Sovereign Management may be properly served by delivering a summons and a copy of this Complaint to its registered agent: Sam E. Thomas, 3715 Northside Parkway, # 650, Atlanta, Fulton County, Georgia 30327.

3

8.

Lisa Carolina Robbins, M.D. ("Dr. Robbins") is a physician licensed in the State of Georgia. She is a resident of DeKalb County, Georgia and may be properly served at her current place of residence: 350 Glen Cove Drive, Avondale Estates, DeKalb County, Georgia 30002.

9.

The Robbins Group, Inc. ("Robbins Group") is a business incorporated under the laws of the State of Georgia. Robbins Group is a medical practice group. Robbins Group may be properly served by delivering a summons and a copy of this complaint to its registered agent: Dawn Warner, 1324 Rockbridge Road, Stone Mountain, Gwinnett County, Georgia 30087.

9.

Jurisdiction is proper because all Defendants are residents of Georgia or subject to the exercise of long-arm jurisdiction. Venue is proper pursuant to O.C.G.A. § 9-10-93.

**FACTS**

**Patrick Desmond's Background**

10.

Patrick W. Desmond was the natural son of Major Patrick C. Desmond, United States Army (Ret.) and Mary C. Desmond.

11.

After serving in the United States Marine Corps, Patrick moved to Florida where his parents established permanent residence after Major Desmond retired.

4

12.

On July 2, 2006, Patrick was arrested following a traffic stop in Rockledge, Florida, during which small amounts of drugs were found in his vehicle. He was charged with possession of cocaine and possession of drug paraphernalia.

13.

Prosecution of the drug charge was deferred in favor of a Brevard County Drug Court ("Drug Court") program known as Pretrial Intervention Supervision, which allows individuals to participate in approved drug and alcohol rehabilitation programs in lieu of adjudication of criminal charges. Participants may participate in a state funded program or any other program specifically approved by the Drug Court.

14.

The Drug Court required that Patrick be enrolled for a period of six months in an in-patient, residential drug and alcohol rehabilitation facility in which he would be closely supervised at all times.

15.

Patrick's parents searched for an appropriate drug rehabilitation facility via the Internet and certain drug rehabilitation marketing services. They eventually decided to send Patrick to Defendant Narconon's facility.

**Defendants Narconon and Dr. Robbins**

16.

Defendant Narconon is a subsidiary, licensee and/or alter ego of Narconon International, which owns, licenses, operates and/or otherwise directs drug rehabilitation facilities throughout the United States and around the world.

17.

Defendant Dr. Robbins was the medical director of Defendant Narconon and had responsibilities for assessing prospective patients for medical, behavioral and/or emotional problems, determining prospective patients' needed level of support, structured treatment and therapeutic activities, establishing procedures for a system of 24-hour, on call medical coverage to include emergency medical services,  providing medical management services to include promulgation or approval of necessary protocols and procedures, actively participating in a quality assurance program to evaluate the appropriateness of services provided to patients, and otherwise overseeing Narconon's operations.

18.

Defendant Narconon, by and through its agents, employees or representatives, made representations to Patrick's parents and the manager of the Brevard County Drug Court that Defendant Narconon was a residential facility and met the Drug Court's requirements of providing a therapeutic environment in which Patrick would be closely supervised at all times.

19.

In fact, however, Defendant Narconon was never licensed by the Georgia Department of Human Resources, Office of Regulatory Services, Health Care Section ("DHR") to operate any category of residential program.

20.

Instead, Defendant Narconon was at all relevant times licensed to operate an outpatient facility with a sub-unit or branch ambulatory detoxification services program

at a separate location, and was by law specifically limited to providing services in non-residential settings.

21.

Despite being licensed to provide services only in non-residential settings, Defendant Narconon maintained and illegally operated off-site housing programs in several apartment complexes, including a program for male patients at One Sovereign Place, located at 4883 Roswell Road, Atlanta/Sandy Springs, Georgia.

22.

At all times material hereto, Defendant Dr. Robbins acted as an agent and employee of both Defendants Narconon and The Robbins Group, Inc.

**Defendants Sovereign Place, Sovereign Management, and Delgado**

23.

One Sovereign Place was owned at all relevant times by Defendant Sovereign Place.

24.

One Sovereign Place was managed and operated at all times relevant by Defendant Sovereign Management.

25.

Defendant Delgado leased apartments at One Sovereign Place at the direction of and as an express agent of Defendant Narconon for the specific purpose of housing Narconon's patients; and likewise at the direction of and as an express agent of Narconon provided monitoring services to the patients while they were physically present at the One Sovereign Place.

7

26.

At all times relevant, Defendants Sovereign Place, Sovereign Management, and Delgado knew or should have known that Defendant Narconon was operating an illegal drug and alcohol rehabilitation housing program at One Sovereign Place.

**Patrick Desmond's Narconon Experience and Resulting Death**

27.

Patrick Desmond first arrived at Defendant Narconon on September 24, 2007 and was assessed by Dr. Robbins the same day.  He was enrolled as a paying patient in the Narconon program, to include the illegal drug and alcohol rehabilitation housing program at the One Sovereign Place apartment complex, for approximately four and one-half months, and successfully completed and was "graduated" from Narconon's program on or about February 12, 2008, several weeks prior to the completion of the Drug Court's mandated six month treatment period.  He then stayed on as a staff member for the housing and sauna programs for the remainder of the six month treatment period.

28.

Following his initial participation in Defendant Narconon's program, Patrick returned to his family's home in Florida, but failed a required alcohol test on May 20, 2008.  This incident led to him being compelled by the Drug Court to return to Defendant Narconon's facility.

29.

Patrick returned to Defendant Narconon on May 23, 2008 and was reassessed by Defendant Dr. Robbins on June 3, 2008.

8

30.

On the evening of June 10, 2008, Patrick was drinking beer and vodka with Narconon employees and staff members in a staff member's apartment at One Sovereign Place.

31.

After becoming highly intoxicated with Narconon's employees and staff members, Patrick left the illegal housing program's premises with two former patients of Defendant Narconon who had announced their intention to attempt to buy heroin. The Narconon employees and staff members were aware that Patrick intended to leave these individuals for the purpose of attempting to buy heroin, but failed to intervene to prevent him from doing so.  The Narconon employees and staff members likewise failed to make any timely report to their superiors or law enforcement that Patrick had left the premises.

32.

At all relevant times, Defendants Narconon, Delgado, Sovereign Place, and Sovereign Management provided no security and no reasonable or adequate supervision or monitoring to ensure that neither Patrick nor any other drug or alcohol-dependant patient would be allowed to freely leave the housing program premises at their own discretion for the purpose of engaging in on-going abuse of drugs and alcohol.  Likewise, at all relevant times, Defendants Narconon, Delgado, Sovereign Place, and Sovereign Management provided no security and no reasonable or adequate supervision or monitoring to ensure that Narconon's patients would not engage in on-going abuse of drugs and alcohol at the housing program premises.

9

33.

Shortly before 2:00 A.M. on the morning of June 11, 2008, emergency medical personnel responded to a 911 call placed by two former patients of Defendant Narconon from a vehicle stopped on the shoulder of I-285 in DeKalb County.  When emergency personnel arrived on the scene, they found Patrick in cardiopulmonary arrest with no blood pressure or pulse.  He was taken to Northside Hospital Emergency Department where the emergency physician diagnosed Patrick with cardiopulmonary arrest secondary to heroin overdose.

34.

Patrick was pronounced dead at 5:15 P.M. on June 11, 2008.

## COUNT I:

### Negligence of Defendant Narconon

35.

Defendant Narconon had a duty to Patrick W. Desmond to provide safe, properly licensed, legally operated, scientifically and medically based rehabilitation treatment services.

36.

Defendant Narconon also had a duty to provide Patrick W. Desmond with a safe, properly licensed, and reasonably supervised housing environment.

37.

Defendant Narconon breached it duties of ordinary care to Patrick W. Desmond in the following particulars:

a.  by failing to comply with its license from the State of Georgia permitting it to operate an outpatient drug and alcohol rehabilitation facility;

b.  by providing an unlicensed housing program to Patrick Desmond;

c.  by allowing and facilitating Patrick Desmond's on-going use of alcohol and drugs while in treatment;

d.  by failing to provide reasonable and adequate security and supervision to prevent its patients, including Patrick Desmond, from leaving its housing program; and

e.  by failing to exercise ordinary care in the selection, hiring and retention of its employees.

38.

Defendant Narconon's actions and omissions proximately caused Patrick Desmond's death, pain and suffering, and other damages.

## COUNT II:

### Negligence Per Se

39.

Defendant Narconon was licensed to operate an outpatient facility with a sub-unit or branch ambulatory detoxification services program at a separate location, and was by law specifically limited to providing services in non-residential settings.

40

Defendant Narconon's operation of unlicensed housing programs for its drug and alcohol rehabilitation patients constituted negligence per se in the following particulars:

a.   violation of its licensure and O.C.G.A. § 26-5-3; Ga. Comp. R. & Regs. §§
     290-4-2-.03(s), (t), (u), 290-4-2.11 (8), 290-4-2-.16, 290-4-2-.19, 290-4-2-.20,
     290-4-2-.21;

b.   violation of the limitations set upon it by its license pursuant to Ga. Comp. R.
     & Regs § 290-4-2-.03 (a); and

c.   violation of its duty to disclose its housing programs, including the housing
     program at One Sovereign Place, to licensing and regulatory authorities
     pursuant to Ga. Comp. R. & Regs §§ 290-4-2-.05 and 290-4-2-.07 (2).

41.

Defendant Narconon's actions and omissions proximately caused Patrick
Desmond's death, pain and suffering, and other damages.

**COUNT III:**

**Fraud of Narconon**

42.

Defendant Narconon, by and through its agents, employees or representatives,
knowingly and willfully made false representations of material facts to Plaintiffs Patrick
C. Desmond and Mary C. Desmond and to the Brevard County Drug Court, indicating
that it was  licensed and/or otherwise authorized to operate a residential drug and alcohol
rehabilitation facility and would be capable of supporting and meeting the needs of
Patrick W. Desmond  by providing necessary 24-hour close supervision and monitoring.

43.

Additionally, Defendant Narconon, by and through its agents, employees or
representatives,  knowingly and willfully made the following false representations of

material facts to Patrick C. Desmond, Mary C. Desmond and the Brevard County Drug Court:

      a.      that Defendant Narconon was a residential facility that met the requirements of the Drug Court; and,

      b.      that Patrick would be continuously and closely supported, monitored and supervised at all times while participating in the rehabilitation program.

44.

Defendant Narconon, by and through its agents, employees or representatives, knew at the time that all such representations were false and baseless.

45.

Defendant Narconon knew or should have known that Patrick C. Desmond, Mary C. Desmond, and the Drug Court would rely on its false representations in choosing to enroll and allow the participation of Patrick W. Desmond in the rehabilitation program.

46.

In fact, Patrick C. Desmond, Mary C. Desmond and the Drug Court were unaware of the falsities of Defendant Narconon's statements and justifiably relied on Defendant Narconon's false representations in choosing to enroll Patrick W. Desmond and to approve his enrollment and participation in the rehabilitation program.

47.

Defendant Narconon's fraudulent representations proximately caused Patrick Desmond's death, pain and suffering, and other damages.

**COUNT IV:**

**Negligence of Delgado, Sovereign Place, and Sovereign Management**

48.

Defendants Delgado, Sovereign Place, and Sovereign Management had a duty to keep the premises at One Sovereign Place safe for all its residents, including Patrick Desmond and other illegally housed drug and alcohol rehabilitation patients.

49.

Defendants Delgado, Sovereign Place, and Sovereign Management knew that Defendant Narconon was using the apartment complex to illegally house drug and alcohol rehabilitation patients.

50.

Defendants Delgado, Sovereign Place, and Sovereign Management breached their duties by failing to provide reasonable and adequate security for and supervision of the drug and alcohol rehabilitation patients housed at One Sovereign Place.

51.

Defendants Delgado, Sovereign Place, and Sovereign Management's failures to provide a safe environment, security and supervision and facilitation of Narconon's illegal housing program proximately caused Patrick W. Desmond's death, pain and suffering, and other damages.

## COUNT V:

### Civil Conspiracy by Narconon, Delgado, Sovereign Place,

### and Sovereign Management

#### 52.

Defendants Narconon, Delgado, Sovereign Place, and Sovereign Management acted together, in concert, to facilitate the unlicensed and illegal operation of a drug and alcohol rehabilitation housing program at the One Sovereign Place apartment complex.

#### 53.

The actions of Defendants Narconon, Delgado, Sovereign Place, and Sovereign Management, to facilitate the illegal and unlicensed operation of a drug and alcohol rehabilitation program at One Sovereign Place proximately caused Patrick W. Desmond's death, pain and suffering, and other damages.

## COUNT VI:

### Professional Negligence of Dr. Lisa Robbins and The Robbins Group, Inc.

#### 54.

Defendant Dr. Robbins and Patrick W. Desmond entered into a physician-patient relationship when Patrick Desmond enrolled in Defendant Narconon's drug and treatment facility.

#### 55.

During the course of her treatment and care of Patrick, Defendant Dr. Robbins failed to exercise that degree of skill and care required of the medical profession, generally, under the same or similar facts and circumstances, as more specifically outlined in the qualified expert's affidavit attached hereto as Exhibit A.

56.

Defendant Dr. Robbins' professional negligence in her course of treatment and care for Patrick was a direct and proximate cause of his death, pain and suffering and other damages.

## COUNT VII:

## Fraud of Narconon International

57.

In the immediate aftermath of the death of Patrick W. Desmond, Narconon International, by its agents, employees or representatives, coordinated efforts to perpetrate a fraudulent cover-up of the circumstances and events leading up and resulting in his death.  Such efforts included, but were not limited to the following:

a.      providing intentionally false and misleading information or causing intentionally false and misleading information to be provided to law enforcement entities, to include but not be limited to the DeKalb County Medical Examiner's Office; and

b.      drafting and submitting an intentionally false and misleading report dated June 19, 2008 or causing an intentionally false and misleading report dated June 19, 2008 to be drafted and submitted to the Brevard County Drug Court, supposedly pursuant to O.C.R.R.G. §290-4-2.09 (13).

## COUNT VIII:

### Punitive Damages against Narconon

### and Narconon International

58.

Defendant Narconon and/or Narconon acted intentionally and in concert in illegally operating an unlicensed housing program for its drug and alcohol rehabilitation patients, making intentionally false and fraudulent representations to Patrick C. Desmond, Mary C. Desmond, and the Brevard County Drug Court, and perpetrating a fraudulent cover-up of the circumstances and events leading up and resulting in the death of Patrick W. Desmond. Additionally, Defendant Narconon's operation of its drug and alcohol rehabilitation program showed willful misconduct, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences. Accordingly, Plaintiffs are entitled to an award of punitive damages pursuant to O.C.G.A. § 51-12-5.1.

WHEREFORE, Plaintiffs prays for the following relief:

1.     That summons and process be issued requiring these Defendants to appear as provided by law to answer the allegations of this Complaint;

2.     That Plaintiffs have a **TRIAL BY JURY** of all issues so triable;

3.     That Plaintiffs recover from Defendants the following: special damages such as: medical and hospital expenses, funeral expenses, past and future lost earnings, general damages for Patrick W. Desmond's bodily injury, fright, terror, pain and suffering and other necessary expenses incurred as a result of the incident at issue; and additional damages constituting the full value of the life of Patrick W. Desmond.  The

amount of all such compensatory damages shall be proven at trial and determined by the enlightened conscience of a jury;

     4.     That Plaintiffs recover punitive damages against the Defendants in amounts to be determined by the enlightened conscience of a jury;

     5.     That Plaintiffs have and recover all damages to which they are entitled under Georgia law; and

     6.     That Plaintiffs have all such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 18th day of May, 2010.

HARRIS PENN & LOWRY, LLP

JEFFREY R. HARRIS
Georgia Bar No. 330315
DARREN W. PENN
Georgia Bar No. 571322
STEPHEN G. LOWRY
Georgia Bar No: 460289
PAUL W. PAINTER, III
Georgia Bar No. 520965
JED D. MANTON
Georgia Bar No. 868587

HARRIS PENN & LOWRY, LLP
817 W. Peachtree St.
Suite 1105
Atlanta, GA 30308
Telephone: (404) 961-7650
Facsimile: (404) 961-7651

REBECCA FRANKLIN
Georgia Bar No.

FRANKLIN LAW, LLC
Midtown Proscenium Center

1170 Peachtree Street
Suite 1200
Atlanta, GA  30309
Telephone: (404) 961-5333
Facsimile:   (404) 969-4503

Attorneys for Plaintiffs