IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WESTERN WORLD INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO.:  1:12-cv-2117-AT |
| NARCONON OF GEORGIA, INC., NARCONON INTERNATIONAL, DELGADO DEVELOPMENT, INC., PATRICK C. DESMOND AND MARY C. DESMOND, INDIVIDUALLY, AND MARY C. DESMOND, AS ADMINISTRATRIX OF THE ESTATE OF PATRICK W. DESMOND, | |
| Defendants. | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

1. Description of Case:

(a) Describe briefly the nature of this action. **This is an action for declaratory judgment seeking a determination that Western World Insurance Company ("Western World") Commercial Lines Policy No. NPP1123556, which was issued to Narconon of Georgia, Inc., effective August 19, 2007 to August 19, 2008 (the "Policy"),  does not afford coverage, whether for**

indemnity or defense, to the named insured, Narconon International or Delgado Development, Inc., for all or part of the claims and counts set forth in the Plaintiff's Complaint for Wrongful Death, Pain and Suffering, and Other Damages as amended by the Plaintiffs' First Amended Complaint to Add Allegations and Claims as filed in the civil action styled *Patrick C. Desmond and Mary C. Desmond, Individually, and Mary C. Desmond as Administratrix of the Estate of Patrick W. Desmond v. Narconon of Georgia, Inc., Delgado Development, Inc., Lisa Carolina Robbins, M.D., The Robbins Group, Inc., and Narconon International*, in the State Court of Dekalb County, Georgia; Civil Action No. 10-A-28641-2 (the "Underlying Action").

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

In the Underlying Action, Patrick C. Desmond and Mary C. Desmond, Individually, and Mary C. Desmond as Administratrix of the Estate of Patrick W. Desmond ("Desmond Defendants") allege that Narconon of Georgia, Inc., and Narconon International are liable for the wrongful death of Patrick W. Desmond and assert claims and causes of action for negligence, negligence per se, fraud and Civil RICO, among other claims and causes of action.  Narconon International and Narconon of Georgia, Inc. deny any liability therefor.

Narconon of Georgia, Inc. is the named insured and Narconon International is an additional insured under the Policy. In the Underlying Action, Western World has and continues to provide a defense to Narconon of Georgia, Inc., and Narconon International under reservation of rights to deny coverage. Western World contends that all or part of the causes of action set forth in the Underlying Action by the Desmond Defendants against Narconon of Georgia, Inc., and Narconon International are not covered under the Western World Policy. This declaratory judgment action is brought to determine whether those causes of action are covered and whether Western World is obligated to defend Narconon of Georgia, Inc., and Narconon International in the Underlying Action.

(c) The legal issues to be tried are as follows: **Whether the subject Western World Policy covers all or part of the causes of action set forth in the Underlying Action by the Desmond Defendants against Narconon of Georgia, Inc., and Narconon International, and whether Western World Insurance Company is obligated to provide a defense to Narconon of Georgia, Inc., Narconon International or other defendants to the claims, counts and causes of action set forth in the Underlying Action.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:  *Patrick C. Desmond and Mary C. Desmond, Individually, and Mary C. Desmond as Administratrix of the Estate of Patrick W. Desmond v. Narconon of Georgia, Inc., Delgado Development, Inc., Lisa Carolina Robbins, M.D., The Robbins Group, Inc., and Narconon International*, **in the State Court of Dekalb County, Georgia; Civil Action No. 10A-28641-2**

(2) Previously Adjudicated Related Cases:  **None.**

2. This case is complex because it possesses one or more of the features listed below (please check):

| | |
|---|---|
| _____ | (1) Unusually large number of parties |
| ___X___ | (2) Unusually large number of claims or defenses |
| _____ | (3) Factual issues are exceptionally complex |
| ___X_ | (4) Greater than normal volume of evidence |
| ___X___ | (5) Extended discovery period is needed |
| _____ | (6) Problems locating or preserving evidence |
| _____ | (7) Pending parallel investigations or action by government |
| _____ | (8) Multiple use of experts |
| _____ | (9) Need for discovery outside United States boundaries |
| _____ | (10) Existence of highly technical issues and proof |
| _____ | (11) Unusually complex discovery of electronically stored information |

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:   **R. Clay Porter, Esq.**
**Stephen G. Smith, Jr.**
**Dennis, Corry, Porter & Smith, LLP**

Defendant: For Narconon of Georgia, Inc., and Narconon International

**Halsey G. Knapp, Jr., Esq.**
**Herman Fussell, Esq.**
**Foltz Martin, LLC**
**3525 Piedmont Road, NE**
**Five Piedmont Center, Suite 750**
**Atlanta, GA  30305**

For Patrick C. Desmond and Mary C. Desmond, Individually, and Mary C. Desmond as Administratrix of the Estate of Patrick Desmond

**Jeffrey R. Harris, Esq.**
**Darren W. Penn, Esq.**
**Harris Penn Lowry DelCampo, LLP**
**400 Colony Square**
**1201 Peachtree St., N.E.**
**Suite 900**
**Atlanta, Georgia 30361**

**David S. Bills, Esq.**
**David S. Bills, P.C.**
**1932 North Druid Hills Road, N.E.**
**Suite 200**
**Atlanta, GA 30319**

## 4. Jurisdiction:

Is there any question regarding this Court's jurisdiction? ____Yes __**X**__No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined: **Nonprofits' Insurance Alliance of California**

(b) The following persons are improperly joined as parties: **None, however, Delgado Development, Inc., having been dismissed with prejudice from the Underlying Action, should be dismissed without prejudice from this action.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **None.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary: **Amendment to Complaint for Declaratory Judgment to Add Nonprofits' Insurance Alliance of California as a party and to add the corresponding claims and counts.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8. Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

## 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party. **Not at this time.**

## 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period. Cases in this Court are assigned to one of the following three discovery

tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing. Please state below the subjects on which discovery may be needed:

**The parties have stipulated to the use of discovery from the Underlying Action and it is not expected that substantial additional discovery is needed. However, the discovery in the Underlying Action is voluminous and once that material is reviewed, the parties may find that some additional discovery is needed.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**While the parties may find that some amount of discovery is needed beyond that which has been taken in the Underlying Action, that discovery is voluminous and it will take time to assimilate it for use in this case. During that assimilation process, it may be determined that some additional discovery is needed. Plaintiff anticipates filing a motion for summary judgment on all issues of coverage once this process has been completed.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed? **None at this time.**

(b) Is any party seeking discovery of electronically stored information? _____ Yes ____X____ No **– Not at this time.**

If "yes,"

(1) The parties have discussed the sources and scope of the production of

electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12. Other Orders:

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

1) **An order extending the discovery period applicable to this matter to six (6) months;**

2) **An order dismissing Delgado Development, Inc., without prejudice;**

3) **An order adding as a Party and authorizing the Plaintiff to file an amended complaint naming Nonprofits' Insurance Alliance of California.**

## 13. Settlement Potential:

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on September 12, 2012, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:

**Lead Counsel for Western World Insurance Company**

(signature): s/R. Clay Porter_____
              Dennis, Corry, Porter & Smith, LLP

Other participants:     s/Stephen G. Smith, Jr._____
                        Dennis, Corry, Porter & Smith, LLP

For defendants:

**Lead Counsel for Narconon of Georgia, Inc., and Narconon International**
(signature): s/Herman Fussell_____
              FOLTZ MARTIN, LLC
**Lead Counsel For Patrick C. Desmond and Mary C. Desmond, Individually, and Mary C. Desmond as Administratrix of the Estate of Patrick Desmond**

(signature): s/David S. Bills_____
              DAVID S. BILLS, P.C.

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

**Settlement options were discussed. No official settlement offers or demands were made although counsel did discuss potential options for resolving the pending claims via further discussions and stipulation.**

(c) Counsel(__X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is **unscheduled at this time.**

(d) The following specific problems have created a hindrance to settlement of this

case. **Dispute as to the applicability of the Plaintiff's Policy to the claims and counts set forth in the Underlying Action.**

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(b) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b) The parties (__X___) do not consent to having this case tried before a magistrate judge of this Court.

[SIGNATURES FOLLOW]

Respectfully submitted,

s/Herman Fussell, Esq.
Georgia Bar No. 281100
Counsel for Narconon International and Narconon of Georgia, Inc.
Foltz Martin, LLC
3525 Piedmont Road, NE
Five Piedmont Center, Suite 750
Atlanta, GA  30305
(404) 231-9397 phone
(404) 237-1659 fax

s/David S. Bills, Esq.
Counsel for Patrick C. Desmond and Mary C. Desmond, Individually, and
Mary C. Desmond, as Administratrix of the Estate of Patrick W. Desmond
Georgia Bar No. 057132
David S. Bills, P.C.
1932 North Druid Hills Road, N.E.
Suite 200
Atlanta, GA 30319
(404) 633-6000 phone
(404) 633-6400 fax


s/R. Clay Porter, Esq.
Georgia Bar No. 584825
s/Stephen G. Smith, Esq.
Georgia Bar No. 795287
Counsel for Western World Insurance Company
Dennis, Corry, Porter & Smith, L.L.P.
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305-4611
(404) 365-0102 phone
(404) 365-0134 fax


[JUDGE'S SIGNATURE FOLLOWS]

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules *of Civil Procedure and the Local Rules of this Court, except as herein modified:*

IT IS SO ORDERED, this _____ day of September, 2012.


_____
THE HONORABLE AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2012, I electronically filed **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

    Herman Fussell, Esq.
    Halsey G. Knapp, Jr., Esq.
    Foltz Martin, LLC
    3525 Piedmont Road, NE
    Five Piedmont Center, Suite 750
    Atlanta, GA  30305

    Jeffrey R. Harris, Esq.
    Darren W. Penn, Esq.
    Harris Penn Lowry DelCampo, LLP
    400 Colony Square
    1201 Peachtree St., N.E.
    Suite 900
    Atlanta, Georgia 30361

    David S. Bills, Esq.
    David S. Bills, P.C.
    1932 North Druid Hills Road, N.E.
    Suite 200
    Atlanta, GA 30319

<u>s/R. CLAY PORTER</u>
Georgia Bar No. 584825
<u>s/Stephen G. Smith, Jr.</u>
Georgia Bar No. 795287
For the Firm
Attorney for Plaintiff

DENNIS, CORRY, PORTER & SMITH, L.L.P.
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305-4611
Telephone:  (404) 365-0102
Facsimile:  (404) 365-0134
Email:        cporter@dcplaw.com

THIS IS TO CERTIFY that, pursuant to LR 5.1B, NDGa., the above document was prepared in Times New Roman, 14 pt.

<u>s/R. CLAY PORTER</u>
Georgia Bar No. 584825
<u>s/Stephen G. Smith, Jr.</u>
Georgia Bar No. 795287
For the Firm
Attorney for Plaintiff

DENNIS, CORRY, PORTER & SMITH, L.L.P.
3535 Piedmont Road, NE
14 Piedmont Center, Suite 900
Atlanta, Georgia 30305-4611
Telephone:  (404) 365-0102
Facsimile:  (404) 365-0134
Email:        cporter@dcplaw.com

2362-11141.1(RCP)