EXHIBIT "A"

## NIAC'S STATEMENT OF BASES FOR NIAC'S JURISDICTIONAL OBJECTIONS

Western World added NIAC to this action for the purposes of seeking a declaration that NIAC owes duties of defense and coverage with respect to the claims asserted in the Underlying Action under a commercial general liability policy issued by NIAC to Narconon International. NIAC has denied that it owes any duties of defense or coverage to Narconon International, or any other party, with regard to the Underlying Action. Western World does not allege that it is a party to, or a third-party beneficiary of, the NIAC policy issued to Narconon International. Nevertheless, Western World seeks a declaration that "NIAC's policy of commercial liability insurance obligates it to provide coverage and a defense to Narconon International . . . for all allegations against Narconon International in the Underlying Action." Western World also seeks a declaration that "NIAC is obligated to reimburse Western World for the defense fees, costs and expenses expended by [Western World] to date in the Underlying Action."

NIAC responded to the Amended Complaint by filing, in lieu of an answer, a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (2). In particular, NIAC contends that Western World lacks standing bring the claims it has asserted against NIAC because it is neither a party to, nor a third-party beneficiary of, the policy with respect to which it seeks a declaration. As such, this Court lacks jurisdiction over the subject matter of those claims. Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla., 641 F.3d 1259, 1264-65 (11th Cir. 2011); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005).

In addition, NIAC shows that this Court lacks personal jurisdiction over it under Georgia's long-arm statute, O.C.G.A. § 9-10-91(1), and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. U.S. Const. Amend. XIV, § 1. See also Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010); Canty v. Fry's Electronics, Inc., 736 F. Supp. 2d 1352, 1359 (N.D. Ga. 2010).

NIAC also incorporates herein by reference its brief in support of its motion to dismiss [Doc. No. 40].